IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DOMINIC ANTHONY MILLETTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:21-CV-703-WHA-CSC |
| ) | [WO] |
| SHAUN MCGHEE, ) | |
| ) | |
| Defendant ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. §1983 action is pending before the court on a Complaint filed by Dominc Millette, an indigent inmate incarcerated at the Houston County Jail on pending criminal charges. Doc. 1. In the Complaint, Millette alleges his attorney, Shaun McGhee, violated his constitutional rights when he "had notices sent to clients because of a ransomware attack. I never received the insurance notice and he is my sentancing{sic} attorney of 60 months." Doc. 1 at p. 3. Millette seeks "compensation due to identity fraud based on pain and suffering." Doc. 1 at p. 4.

Upon a thorough review of the Complaint, the undersigned concludes that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1] The Court granted Millette leave to proceed *in forma pauperis* in this case. Doc. 3. The Court is therefore obligated to screen the Complaint under the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the Court to dismiss the complaint prior to service of process if it determines that the

## II. DISCUSSION

An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the asserted constitutional deprivation. *American Manufacturers Mutual Ins. Company v. Sullivan*, 526 U.S. 40, 49–50 (1999); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

> To state a [viable] claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. . . . [T]he under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948)). . . . [Consequently,] state action requires **both** an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," **and** that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)."

*American Manufacturers*, 526 U.S. at 49–50 (footnote omitted) (emphasis in original).

It is clear from the Complaint that Millette's attorney, Shaun McGhee, is a private individual who did not act under color of state law when he provided legal services to him as his sentencing attorney. As previously stated, "the under-color-of state-law element of § 1983 excludes from its reach merely private conduct, no matter how . . . wrongful." *Blum*, 457 at 1002 (internal quotation marks and citation omitted); *Focus on the Family v.*

---

Complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

*Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1277 (11th Cir. 2003) (same). Since the action about which Millette complains was not committed by a person acting under color of state law, the claims presented against Defendant lack an arguable basis in law and this case is therefore subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).

## III.  CONCLUSION

Accordingly, the Magistrate Judge RECOMMENDS that this case be DISMISSED with prejudice before service of process in accordance with 28 U.S.C. § 1915(e)(2)(B)(i) because the claim presented in the Complaint provides no basis for relief.

It is further ORDERED that on or before **November 10, 2021**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations as required by the provisions of 28 U.S.C. § 636(b)(1) will bar a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) 11TH Cir. R. 3-1; *see Resolution Trust Co. v.*

*Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 27th day of October, 2021.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE